UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARREN MICHAEL MORAN, *as guardian of the
person and property of John Charles Tomaka,
an incapacitated person*,

                              Plaintiff,
  v.                                                     **ORDER**
                                                              11-CV-442S

BOARD OF TRUSTEES OF NAT'L ELEVATOR
INDUSTRY HEALTH BENEFIT PLAN AND TROVER
SOLUTIONS, INC., *d/b/a Health Care Recoveries
and Gibson & Sharps, PSC*,

                              Defendants.
_____

      1.      Presently before this Court is a Motion to Approve Settlement of this matter (Docket No. 18), which is brought on behalf of John Charles Tomaka, who was rendered incapacitated after suffering a traumatic brain injury in an automobile accident. This action involves insurance and subrogation issues under ERISA arising out of the accident. On or about July 19, 2011, the parties reached a settlement. (Docket No. 18, Exhibit A.)

      2.      An action by or on behalf of an incompetent individual may not be settled or dismissed without leave of this Court. See Local Rule 41 (a)(1)(A). The procedures for obtaining such leave are set forth in Rule 41 (a)(1) of the Local Rules of Civil Procedure for the Western District of New York, which in turn incorporates the applicable provisions of New York's Civil Practice Law and Rules ("CPLR"). This Court has reviewed the settlement agreement and finds that it should be approved.

      3.      Pursuant to Local Rule 41(a)(1), this Court finds that neither a hearing nor the appearance of the incompetent is necessary and this settlement is in the best interest of the incompetent. Because the settlement does not involve an immediate payment to

the incompetent or the payment of attorney's fees, the remaining provisions of Local Rule 41 (a)(1) do not apply.  See Local Rule 41 (a)(1)(C) and (D).

IT HEREBY IS ORDERED, that Plaintiff's Motion to Approve the Settlement (Docket No. 18) is GRANTED.

FURTHER, that the settlement of this action (Docket No. 18, Exhibit A) is APPROVED.

FURTHER, that Plaintiff is authorized to settle this action on the incompetent's behalf.

FURTHER, that Plaintiff is permitted and authorized to execute a general release to Defendants to settle the incompetents claims.

FURTHER, that the Clerk of Court shall close this case.

SO ORDERED.

Dated:   September 14, 2011
         Buffalo, New York

                                                  s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                       Chief Judge
                                              United States District Court